**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GERALDINE CAPPO, Individually, and as next of kin of RICHARD M. CAPPO, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-1185-M |
| OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and, OXBOW CALCINING, L.L.C., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | **Consolidated for Discovery Purposes With**: |
| LARRY NESMITH, Individually, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-1327-M |
| GEO P. REINTJES CO., INC.; OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and, OXBOW CALCINING, L.L.C., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| LENARD THOMASON, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-10-0055-M |
| OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and, OXBOW CALCINING, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

| | )<br>)|  |
|---|---|---|
| GEORGE P. REINTJES CO., INC., | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | Case No. CIV-10-0160-M |
| | ) | |
| OXBOW CORPORATION;<br>OXBOW CARBON, L.L.C.; and,<br>OXBOW CALCINING, L.L.C., | )<br>)<br>) | |
| Defendants. | )<br>) | |

## **AGREED PROTECTIVE ORDER**

Upon request of the parties for the entry of this Stipulated Protective Order ("Protective Order"), the parties hereby stipulate the following:

1. For purposes of this Protective Order, "Party" and "Parties" includes every named Party that is a signatory to this Protective Order, and all Parties that are subsequently joined in this action or that may join this Protective Order.

2. The Parties recognize that each may possess certain information that may be produced or disclosed in connection with this action and that may constitute confidential information. The Parties may designate in accordance with Paragraph 3 of this Protective Order any document or thing, including but not limited to, answers to interrogatories, deposition testimony, exhibits, or other material, that contains confidential information and that will be produced by that party through the discovery proceedings herein, as confidential information (hereinafter "Confidential Information").

3. The designation of Confidential Information for purposes of this Protective Order shall be made as follows:

(a) By stamping each page of such Confidential Information, when copies are delivered to the requesting party, with the terms: "CONFIDENTIAL"; or

(b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record of counsel for the party making the disclosure at the time of such disclosure.

4. The designation of a document as Confidential Information will be without prejudice to the rights of the Parties to apply to the Court for a determination of whether said designation is proper. The party claiming that the information is confidential shall bear the burden of proof in the event that another party applies to the Court for a determination of whether said designation is proper.

5. Confidential Information produced by the Parties shall not be disclosed by the opposing Parties or their attorneys (and any employees, and contractors of same), except as follows: (a) to the Court under such safeguards as the Court may require; (b) to the opposing Parties' attorneys' current and former employees and contractors; (c) to court reporters and their staff recording proceedings in this action; (d) to such persons as are utilized by counsel to act as experts at trial or otherwise for expert consultation in this action provided they are advised of the existence of this Protective order and its terms with the understanding they will be bound by such terms; and (e) in response to a

subpoena or official request for information issued by a federal, state or local regulatory agency, subject to such agency's procedure for maintaining confidential information.

6. The provisions of this Protective Order shall not apply to any documents, data, other information or material that already is in the rightful possession of another Party to this Protective Order, or is otherwise in the public domain.

7. The use of any information, document or material encompassed within and protected by the terms of this Protective Order shall be restricted to this proceeding and shall not be used by the Parties or by any other person for any other purpose whatsoever.

8. If any Party inadvertently fails at the time of disclosure to designate information as confidential, that Party may subsequently so designate the information and it will then be protected as Confidential Information in accordance with the terms of this Protective Order.

9. If documents or material containing Confidential Information are filed with the Court, or included in whole or in part, in pleadings, motions, briefs, documents, etc., they shall be filed under seal and marked as follows:

CONFIDENTIAL –

IN ACCORDANCE WITH THE STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY, ENTERED ON MAY 17, 2010, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SAID PROTECTIVE ORDER.

10. Nothing in this Protective Order, or any action taken in compliance with it, shall (1) operate as an admission by any Party that any particular Confidential Information is, or is not, confidential, (2) prejudice in any way the right of any Party to

seek a determination that Confidential Information is required to be disclosed, or (3) prejudice in any way the right of any Party to seek a determination that Confidential Information was not properly designated. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.

11. The disclosure of Confidential Information under the terms of this Protective Order in this litigation or under the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information. In addition, the inadvertent production or disclosure of any document or communication that is subject to an attorney-client, work product, joint defense or other privilege will not be deemed a waiver of such privilege, provided that the Party or non-Party entitled to assert such privilege notifies the Party to whom disclosure or production was made of the material or information disclosed or produced and the privilege asserted, within thirty (30) days after the Party asserting the privilege actually discovers that such production occurred. Upon a request made in good faith on or before thirty (30) days after discovery that the document has been produced, any such privilege or work product document inadvertently disclosed shall be returned to the producing Party upon request, together with all copies of such documents. The privilege or work product status of such document or information shall be deemed to be restored upon the making of such request. Provided, however:

(a) Nothing herein shall preclude the receiving Party from requesting the Court to determine whether the document or information is privileged or work product

information. In the event that the receiving Party intends to challenge the claim of privilege, the receiving Party may retain a copy of such document for such purpose.

(b) If the producing Party either (i) expresses the intent to use such document or information at a hearing, deposition or trial, or (ii) uses such document or information at a hearing, deposition or trial, the producing Party's right to request return of such document or information shall be foreclosed.

(c) If the receiving Party gives notice of such party's intent to use a document or information at a hearing, deposition or trial, the producing Party may request the return of such document or information, if inadvertently disclosed, within forty-eight (48) hours after such notice, and in any event prior to commencement of such hearing, deposition or trial.

12. The obligations of confidentiality set forth in this Protective Order shall continue in effect after the termination of this litigation. At the conclusion of this litigation (whether by judgment and exhaustion of all appellate remedies or settlement), any Party that has previously produced documents to another Party may, by written notice, request and obtain within 30 days the return of all originals and copies (including electronic copies or images) of all previously produced documents. The Party that received such a request shall respond with all documents in its possession, custody and control, as well as all documents within the possession, custody and control of its attorneys, experts and consultants. The Party that returns such documents shall confirm in writing that it has returned all originals and copies and has not retained in any form any such documents. The party making such a request shall preserve and maintain all

originals and copies (including electronic copies and images) of documents that are returned in response to said request for a period of three years from the date of receipt.

13. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or prevent the Parties from agreeing between themselves to modify this Protective Order. This Protective Order may only be modified by written agreement signed by counsel for all Parties hereto and ordered by the Court.

14. Each undersigned attorney hereby represents that he or she is acting with authorization from each and every co-counsel to bind each and every co-counsel to the terms and conditions of this Stipulated Protective Order. All attorneys identified below, as well as their Parties, agents, representatives and employees, are hereby bound by the terms of this Order.

**IT IS SO ORDERED** this 17th day of May, 2010.

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

**STIPULATED TO AND APPROVED AS TO FORM AND SUBSTANCE:**

---

Larry A. Tawwater, OBA No. 8852
Darren M. Tawwater, OBA No. 18854
David N. Mayo, OBA No. 21985
Robert D. Baron, OBA No. 550 (*Of Counsel*)
THE TAWWATER LAW FIRM, P.L.L.C.
One Leadership Square
211 North Robinson Avenue, Suite N1950
Oklahoma City, Oklahoma 73102
Telephone:   405/319-7300
Facsimile:    405/319-7350
**ATTORNEYS FOR PLAINTIFF**
**GERALDINE CAPPO, INDIVIDUALLY AND**
**NEXT OF KIN OF RICHARD M. CAPPO, DECEASED**

---

S. ALEX YAFFE, OBA No. 21063
D. ELIOT YAFFE, OBA No. 19723
FOSHEE & YAFFE
P. O. Box 890420
12231 South May Avenue
Oklahoma City, Oklahoma 73189
Telephone:   405/632-6668
Facsimile:    405/632-3036

-and-

CHRISTOPHER A. KEITH (Admitted *Pro Hac Vice*)
WETTERMARK HOLLAND & KEITH
2101 Highland Avenue South, Seventh Floor
Birmingham, Alabama 35205
Telephone:   205/933-9500
Facsimile:    205/212-9500
**ATTORNEYS FOR PLAINTIFF**
**LARRY NESMITH**

Noble K. McIntyre, OBA No. 16359
Jeremy A. Thurman, OBA No. 19586
MCINTYRE LAW P.C.
1300 South Meridian, Suite 501
Oklahoma City, Oklahoma 73108
Telephone: 405/917-5200
Facsimile: 405/917-5405
 **ATTORNEYS FOR PLAINTIFF**
**LENARD THOMASON**


F. JASON GOODNIGHT, OBA No. 19106
SARAH E. BUCHAN, OBA No. 20182
FELDMAN FRANDEN WOODARD & FARRIS
Two West Second Street, Suite 900
Tulsa, Oklahoma 74103
Telephone: 918/583-7129
Facsimile: 918/584-3814
**ATTORNEYS FOR PLAINTIFF**
**GEORGE P. REINTJES CO., INC.**


Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Mark D. Coldiron, OBA No. 1774
Patrick R. Pearce, Jr., OBA No. 18802
RYAN WHALEY COLDIRON SHANDY PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, Oklahoma 73102
Telephone 405/239-6040
Facsimile: 405/239-6766
**ATTORNEYS FOR DEFENDANTS OXBOW**
**CORPORATION, OXBOW CARBON LLC,**
**AND OXBOW CALCINING LLC**