# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALDINE CAPPO, Individually, and as next kin of RICHARD M. CAPPO, deceased, | |
| Plaintiff, | |
| vs. | Case No. CIV-10-55-M |
| OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and OXBOW CALCINING, L.L.C., | |
| Defendants. | **Consolidated for Discovery Purposes With:** |
| LARRY NESMITH, individually, | |
| Plaintiff, | |
| vs. | Case No. CIV-09-1327-M |
| GEO P. REINTJES CO., INC.; OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and OXBOW CALCINING, L.L.C., | |
| Defendants. | |
| LENARD THOMASON, individually, | |
| Plaintiff, | |
| vs. | Case No. CIV-10-55-M |
| OXBOW CORPORATION; OXBOW CARBON, L.L.C.; and OXBOW CALCINING, L.L.C., | |
| Defendants. | |

| | )  |
|---|---|
| GEORGE P. REINTJES CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-10-160-M |
| | ) |
| OXBOW CORPORATION; | ) |
| OXBOW CARBON, L.L.C.; and | ) |
| OXBOW CALCINING, L.L.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

Before the Court is Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Intervene [docket no. 26 in case no. CIV-10-55-M], filed April 20, 2010. On May 11, 2010, plaintiff filed his response. As the matter is ripe for adjudication, the Court makes its determination.

Liberty Mutual moves the Court to intervene in this action on the basis that it was the workers' compensation carrier for Geo P. Reintjes Co. at the time of the accident that is the subject of this litigation. Contending the Court has subject matter jurisdiction under 28 U.S.C. § 1367 to review this matter, Liberty Mutual asserts it is entitled to subrogation for all sums it has paid or will pay as a result of plaintiff Lenard Thomason's ("Thomason") injuries. Plaintiff Thomason counters that the motion to intervene should be denied because the Court lacks subject matter jurisdiction over Liberty Mutual's claims.

"Ordinarily, the jurisdiction of the Court depends upon the state of things at the time of the action brought, and ... after vesting, it cannot be ousted by subsequent events." *Price v. Wolford*, --- F.3d ----, 2010 WL 2403530, at *3 (10th Cir. 2010) (internal citation and quotation omitted). There is no dispute the Court has diversity jurisdiction over the original suit between plaintiff Thomason and defendants Oxbow Corporation, Oxbow Carbon, L.L.C. and Oxbow Calcining L.L.C.

2

(collectively "the Oxbow defendants"). Plaintiff Thomason properly alleged an amount in controversy greater than $75,000, and the adverse parties were citizens of different states, with plaintiff Thomason residing in Alabama, defendant Oxbow Corporation being based in Florida, and defendants Oxbow Carbon, L.L.C. and Oxbow Calcining L.L.C. being based in Oklahoma. *See* 28 U.S.C. § 1332.

"Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district courts jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. A claim is part of the same case or controversy if it derive[s] from a common nucleus of operative fact." *Price*, 2010 WL 2403530, at *3 (internal citation and quotations omitted). Here, there is no question that Liberty Mutual's subrogation claim arises out of the same facts as the underlying case. Further, section 1367(a) states that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

In addition to the "same case or controversy" requirement of section 1367(a), section 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule...24 of the Federal Rules of Civil Procedure...when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). "Section 1367(b), which applied only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs...who seek to intervene pursuant to Rule

3

24...." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 560 (2005). Furthermore, Rule 24 "states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 1917.

Applying these principles to this case, Liberty Mutual wishes to intervene in the pending case involving Thomason's claims against the Oxbow defendants. As stated, this Court's subject matter jurisdiction over that case is diversity based. Therefore, section 1367(b) is implicated. Once implicated, section 1367(b)'s plain language prevents the Court from exercising subject matter jurisdiction over Liberty Mutual's claim where it has not plead and/or stated that its subrogation amount exceeds $75,000.00. The Court finds, therefore, that exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Accordingly, the Court DENIES the motion to intervene.

**IT IS SO ORDERED this 7th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

4